## STATE ex VOYTKO v INDUST. COMM.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 2646.   Decided March 29, 1940

Thomas J. Herbert, Attorney General, Columbus, and E. P. Felker, Asst. Atty. Gen'l., Columbus, for the respondent and for the demurrer.

P. W. Tetlow, Columbus, for relator, contra the demurrer.

## OPINION

By HORNBECK, PJ.

Submitted on demurrer of the respondent to the petition on two grounds:

1st: That the petition does not state facts sufficient to show a cause of action in mandamus.

2nd: That the petition shows clearly on its face that this Court does not have jurisdiction of the subject of the

action. This branch of the demurrer will be overruled.

The first branch of the demurrer raises the question of the sufficiency of the averments of the petition to state a cause of action.

This is a very old case arising in this Court by the filing of the petition dated December 11, 1935. Thereafter on March 4, 1936, the respondent answered. Nothing further appears in the files of the case until January 2, 1940, when the demurrer heretofore set out was filed, and it does not appear that the answer has been withdrawn. We will notwithstanding, pass on the demurrer.

The facts necessary to an appreciation of the question raised are that relator, an employee of the Cambridge Collieries Company, Cambridge, Ohio, a subscriber to the state insurance fund of Ohio, while in the course of the employment with said company, sustained an injury causing a bilateral, inguinal hernia. Thereafter relator filed his claim with the respondent, which was denied on original hearing and upon rehearing and thereafter relator filed his petition in the Common Pleas Court of Guernsey County, Ohio, and upon issues drawn his cause was submitted to a jury which returned a verdict in his behalf and it was adjudged that he was entitled to participate in the state insurance fund.

The relator was operated for the hernia on March 12, 1933, which was some time after the judgment in relator's behalf. The respondent, after the judgment of the Common Pleas Court, granted the relator temporary total compensation from June 18. 1930, which was one week after the date of his injury, to June 24, 1930, and temporary total compensation from March 12, 1933, to June 27, 1933, during which period the claimant was totally disabled due to the hernia operation.

The petition further avers that following the period from June 24, 1930, he was totally disabled until March 12, 1933, because of the hernia and was unable to perform any work whatsoever:

"That during this period he made attempts to have an operation performed for the cure of said bilateral hernia, but was unable to secure any surgeon who would perform the operation, as he had no funds to pay for the operation, and was advised by said surgeons that he would have to wait until there was a final adjudication of his claim before the Industrial Commission."

It is further alleged that on November 16, 1933, he filed an application for modification of award with the respondent, alleging that he was totally disabled from June 24, 1930, to March 12, 1933, as the result of the injury of June 9, 1930; that he filed with this application reports from his two attending physicians, showing that he had been totally disabled over that period; that the application for modification of award was submitted to the respondent, at which time there was no proof before the respondent except that the relator had been totally disabled over the period from June 24, 1930, to March 12, 1933; that on April 28, 1934, the Commission dismissed the application for modification of award and the entry made at the time is carried into the petition.

In substance the entry recites that applicant was injured on June 10, 1930; that he did not have a hernia operation until on or about March 12, 1933, which was subsequent to his appeal; that the only reason claimant did not have a hernia operation performed sooner was because he was without funds to pay for said operation; that if he had been operated he could have returned to work within a period of a few weeks.

The entry further recites that claimant was awarded compensation for a period of one week subsequent to the time he sustained the hernia; that he was awarded compensation for the full period of disability subsequent to the hernia operation; that medical expenses incident to the operation have been paid; and that claimant has, therefore, been awarded compensation in accordance with the Commission's established rules on hernia claims. The so-called hernia rules of the Commission are set out and are as follows:

1. Medical and hospital expenses in proper amounts shall be paid for the radical cure of a hernia and compensation for disability resulting from the operation. This includes fees for reoperation if a recurrence develops soon after the operation, provided the Commission is notified of the necessity for such reoperation before the same is performed.

2. If operation is refused by the claimant, compensation shall be paid for not to exceed two weeks from the date claimant stopped working.

3. If operation is contraindicated on account of advanced age, heart disease or some other condition, compensation shall be paid according to the medical proof as in other claims.

4. Compensation shall not be paid for more than two weeks prior to operation unless it is conclusively shown by medical proof that the hernia could not be retained by a truss.

The relator re-states that he was totally disabled from June 26, 1930, to March 12, 1933, and is entitled to temporary total compensation for that period in accordance with §1465-79 GC. It is averred that the denial of compensation to the relator over the period set out is contrary to the provisions of §1465-79 GC, and constitutes a gross and wilful abuse of discretion.

Counsel for both parties argue the law of the case upon the theory that it involves the authority of the Commission to promulgate the hernia rules, and it is claimed by the relator that the effect of such rules is to take away the rights and benefits conferred by §1465-79.

We believe that there is another and further question raised by the petition, if it be conceded that the Commission had the right to promulgate the hernia rules, namely, were the rules as applied to the facts in this case in con-

formity with §1465-44. The very first part of this section provides that:

"The board shall adopt reasonable and proper rules to govern its procedure, regulate and provide for the kind and character of notices, and the services thereof, in cases of accident and injury to employees, the nature and extent of the proof and evidence," etc.

In this case it appears from the petition and also is found by the Commission in its entry denying relator's motion for modification of award, that the relator did not have the operation performed because he was unable financially to meet the expenses incident to the operation, and it is further alleged in the petition that he could not prevail upon a surgeon to perform the operation until the Commission had acted. The Commission denied relator's application for compensation and put him to the necessity of carrying his case on appeal to Common Pleas Court, and it was only after the respondent had been compelled to accept liability for the claim that it made any award to the relator. In this situation, it seems to us, that the relator at least makes a prima facie statement of fact which would require us to say that the hernia rule as applied to his case was neither reasonable nor proper for the simple reason that if he was totally disabled during the periods set out in the petition it was through no fault of his own, nor because of any purpose to disobey the rules of the Commission, but at a time when he was not amenable to the rules and when he would have been unable to comply with them had he been subject to them.

So that while we eventually may have to pass upon the authority of the Commission to make the rules, set out in the petition, governing hernia cases we have here another question which in our judgment makes the petition good as against the general demurrer.

The demurrer will be overruled and leave granted respondent to plead, if desired.

GEIGER and BARNES, JJ., concur.